J-A20023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STANISLAV OCHAKOVSKIY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| IRINA KHALMATOVA | |
| Appellee | No. 1522 WDA 2015 |

Appeal from the Order Entered September 2, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No:  FD-08-008120-017

| | |
|---|---|
| STANISLAV OCHAKOVSKIY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IRINA KHALMATOVA | |
| Appellant | No. 1636 WDA 2015 |

Appeal from the Order Entered September 28, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No:  FD-08-008120

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 25, 2016**

Stanislav Ochakovskiy ("Husband") and Irina Khalmatova ("Wife") have filed appeals from the trial court's equitable distribution orders entered September 2 and 28, 2015.  We affirm in part, vacate in part, and remand.

The parties were married on November 5, 2003. They separated on May 20, 2012. Husband originally filed a complaint in divorce on June 12, 2008, but neither party took any action in the case until 2012 when Husband filed for alimony *pendente lite*. The parties appeared before a master on August 14, 2014, and November 18 and 19, 2014 for hearings on equitable distribution of the marital estate. The trial court issued orders on September 8 and 28, 2015 and the court entered a decree in divorce on December 1, 2015. The parties' timely cross appeals are now ripe for disposition.

Husband raises four issues:

I.    Did the court err and abuse its discretion in overruling the Master's determination regarding discovery and the award of attorneys' fees in the amount of $12,000 to [Husband].

II.   With respect to the sale of the marital business (Siberian Enterprises), (1) [d]id the court err and abuse its discretion in deducting cash proceeds in the amount of $25,000.00 from the sale of a marital business; and (2) in determining that [Wife] realized a loss from said transaction and that only $1,438 should have been included in the marital estate, when the evidence did not support such determinations. Finally, with respect to the sale of the marital business (Siberian Enterprises), and [Wife's] motion for reconsideration, did the court err and abuse its discretion in determining that [Wife] realized a loss from said transaction, and that only $1,438 should have been included in the marital estate, when the evidence clearly did not support such determinations; and which was contrary to the master's findings?

III.  Did the court err and abuse its discretion by giving [Wife] rental value for the Ellsworth Avenue home when [Wife] presented NO evidence of what that rental value was, and

which was contrary to the evidence presented at the time of trial before the master.

IV.     Did the court err and abuse its discretion by giving [Wife] credit and attorneys' fees for costs incurred in obtaining discovery documents, which was contrary to the evidence presented in this case to the master.

Appellant's Brief at 2.

Our standard of review is well settled:

A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Biese v. Biese*, 979 A.2d 892, 895 (Pa. Super. 2009) (internal citations and quotation marks omitted).

We have reviewed the trial court opinion, the applicable law, the parties' briefs, and the record. We conclude that the trial court properly applied the law and did not abuse its broad discretion. We therefore reject Husband's assertions of error for the reasons stated in the trial court's November 23, 2015 opinion.

- 3 -

Wife raises the following assertions of error on cross appeal:

I. Did the trial court commit an error of law and abuse its discretion when it included Wife's nonmarital assets in the marital estate?

A. Did the trial court commit an error of law and abuse its discretion when it included in the marital estate Wife's individual investment and bank accounts that held funds gifted to her from her father?

B. Did the trial court commit an error of law and abuse its discretion when it included Wife's nonmarital business, Siberian Enterprises, in the marital estate?

II. Did the trial court commit an error of law and abuse its discretion when it failed to comply with and enforce the June 17, 2013 order of court awarding Wife a credit for rental income?

III. Did the trial court commit an error of law and abuse its discretion when it failed to retroactively terminate Wife's alimony *pendente lite* obligation, where Husband's earning capacity was greater than that of Wife?

IV. Did the trial court commit an error of law and abuse its discretion in failing to include the increase in value of Husband's nonmarital property in the marital estate?

Wife's Brief at 1.

In support of issue I.A., Wife argues that the trial court erred in including accounts in Wife's name—an investment account with Smith Barney and money market and checking accounts with PNC (collectively the "Accounts")—in the marital estate. The relevant facts are as follows. The funds in the Accounts came from gifts to Wife from her father in Russia.

During the marriage, Wife used some money from the Accounts to pay marital expenses and to fund the purchase of a Fox's Pizza Den franchise, for which Husband handled the day-to-day operations.

Section 3501(a)(3) of the domestic relations code exempts gifts from marital property:

> **(a)   General rule.--**As used in this chapter, 'marital property' means all property acquired by either party during the marriage and the increase in value of any nonmarital property acquired pursuant to paragraphs (1) and (3) as measured and determined under subsection (a.1). However, marital property does not include:
>
> [***]
>
> (3) Property acquired by gift, except between spouses, bequest, devise or descent or property acquired in exchange for such property.

23 Pa.C.S.A. § 3501(a)(3).  The trial court found that the Accounts were funded with gifts to the wife from her father and thus did not begin as marital property under § 3501(a)(3).  The trial court found that these Accounts became marital property because Wife donated them to the marital estate.

"Whether an asset is marital property or separate property for purposes of distribution of the marital estate[ ] is a matter reserved to the sound discretion of the trial court."  *Goodemote v. Goodemote*, 44 A.3d 74, 77 (Pa. Super. 2012), *appeal denied*, 57 A.3d 71 (Pa. 2012).  "An abuse of such discretion will be found to exist, however, if the trial court fails to follow proper legal procedures or misapplies the law."  *Id.*   Where

nonmarital funds are commingled with marital funds and therefore cannot be traced to a nonmarital asset, those funds cease to be nonmarital. ***Busse v. Busse***, 921 A.2d 1248, 1257 (Pa. Super. 2007), *appeal denied*, 934 A.2d 1275 (Pa. 2007). Likewise, a gift to a spouse can become marital property if "he or she manifests an intent to donate it to the entireties entity." ***Campbell v. Campbell***, 516 A.2d 363, (Pa. Super. 1986) (*en banc*), *appeal denied*, 528 A.2d 955 (Pa. 1987).

In ***Verholek v. Verholek***, 741 A.2d 792, 797 (Pa. Super. 1999), for example, the husband deposited a $54,000 inheritance into a personal account that bore his name but also contained money that was a marital asset. He used money from that account to buy the marital home. ***Id.*** Finally, he put money from the personal account into a brokerage account that contained marital assets. ***Id.*** The $54,000 inheritance became marital property because it was commingled with marital funds. ***Id.*** In ***Campbell***, the husband received an interest in a family business as a gift from his father. The gifted interest was not marital property (but the increase in value of that interest during the marriage was marital property). ***Campbell***, 516 A.2d at 367.

Wife concedes that the money she removed from the Accounts and spent on living expenses and the restaurant became marital property. She contends the trial court erred in holding that the money remaining in the accounts is marital property. We agree. Wife's use of a portion of the

Accounts does not necessarily manifest her intent to donate all funds in the Accounts to the marital estate. Wife did not commingle the remaining funds by transferring them to a joint account. Nor does anything in the record evidence her intent as to the intended use for the remaining funds. Neither Husband nor the trial court has cited any authority to support a conclusion that a spouse donates an entire gift to the marital estate by using a portion of that gift for marital expenses. The trial court misapplied the law in concluding that any money remaining in the Accounts was subject to equitable distribution.

We reject the remainder of Wife's assertions of error based on the trial court's November 23, 2015 opinion, and remand for further proceedings in accordance with this memorandum.[1] We direct that a copy of the trial court's November 23, 2015 opinion be filed along with this memorandum.

Orders affirmed in part and vacated in part. Application for relief denied. Case remanded. Jurisdiction relinquished.

_____

[1] We are also in receipt of Wife's application for relief requesting reimbursement of costs and fees incurred in preparation of his supplemental reproduced record. The application is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/25/2016</u>